IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| ROBERT C. SMITH | |
|---|---|
| v. | Civil Action No. 3:09–CV–554 |
| EVB and ARCHIE C. BERKELEY, JR. | |
| Defendants. | |

MEMORANDUM OPINION

THIS MATTER is before the Court on two Motions: (1) Defendants EVB and Archie C. Berkeley, Jr.'s ("Defendants") Joint Motion to Dismiss under Rule 12(b)(6), or in the alternative, for Summary Judgment under Rule 56 (Doc. No. 6) and (2) Plaintiff Robert E. Smith's ("Plaintiff") Motion for Leave to File Amended Complaint (Doc. No. 8.) Plaintiff alleges that Defendants violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1962, et seq. (the "FDCPA" or the "Act").

Normally, a court may not consider documents submitted outside the complaint in ruling on a motion to dismiss, unless the court converts the motion into one for summary judgment. Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396–97 (4th Cir. 2006); see Fed. R. Civ. P. 12(d) ("If on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). In this case, because the Court will consider documents outside of Plaintiff's Complaint, and because the nature of Plaintiff's 2004 and 2006 Loans is a question of fact, the Court will treat Defendants' Motion as one for Summary Judgment.

For the reasons set forth below and upon hearing oral argument on Plaintiff's Motion for Leave to Amend Complaint, the Court GRANTS Defendants' Motion for Summary Judgment and

1

DENIES Plaintiff's Motion for Leave to Amend Complaint with respect to Defendant Berkeley. The Court GRANTS Plaintiff's Motion for Leave to Amend Complaint and subsequently DENIES Defendants' Motion for Summary Judgment with respect to Defendant EVB.

BACKGROUND

On or about June 30, 2004, Plaintiff obtained a line of credit loan from the Bank of Goochland ("BOG" or the "Bank") ("2004 Loan") through the Piedmont Construction, LLC ("Piedmont Construction),[1] a company owned by Plaintiff. (Compl. ¶ 8). The 2004 Loan had an initial principal balance of $210,000.00 and an initial maturity date of June 30, 2005. Smith executed a "Commercial Guaranty" for the 2004 Loan when signing for it. (Def.'s Mot. Summ. J. Ex. A.1) The 2004 Loan was renewed on or about July 25, 2005, February 1, 2006, and September 12, 2006. (Def.'s Mot. Ex. A.3-5) For each of these renewals, Smith signed contemporaneous Disbursement Request Authorizations ("DRA's") which expressly stated that the 2004 Loan was primarily for business purposes.

On or about September 19, 2006, Smith took out another Loan with BOG for $250,000 ("2006 Loan"). Plaintiff made this loan in his name, and the Loan DRA stated that it was primarily for personal, family, or household purposes. (Pl.'s Resp. Summ. J. Ex. A). On or about September 26, 2006, Smith used approximately $200,000, or 80 percent, of the 2006 Loan to pay off the balance on the 2004 Loan.

On February 29, 2008, the Bank assigned the 2006 Loan to EVB pursuant to a Sale and Assignment Agreement. (Def.'s Mot. Ex. A.8.). Smith's Complaint alleges that at certain points thereafter, Defendants violated the FDCPA, and he requests damages pursuant to the Act.

---

[1] In February, 2006, Piedmont Construct, LLC became Piedmont Construction 1, LLC, and will be referred to as "Piedmont Construction" for purposes of this Opinion.

DISCUSSION

A. Legal Standard

A motion for summary judgment lies only where "there is no genuine issue as to any material fact" and where "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). All "factual disputes and any competing, rational inferences [are resolved] in the light most favorable to the party opposing that motion." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotations marks and citations omitted). In their analyses, courts look to the affidavits or other specific facts pled to determine whether a triable issue exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where no genuine issue of material fact exists, it is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Drewitt v. Pratt, 999 F.2d 774, 778–79 (4th Cir. 1993) (internal quotation marks omitted). However, summary judgment should not be granted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. Mere unsupported speculation is not sufficient if the undisputed evidence indicates the other party should win as a matter of law. Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008).

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings should be freely given when justice so requires. Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. Id.; Laber v. Harvey, 438 F.3d 404 (4th Cir. 2006) (en banc) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Leave to amend should be denied on futility grounds when "the proposed amendment is

3

clearly insufficient or frivolous on its face." Cappetta v. G.C. Services Ltd. Partnership, No. 3:08CV288, 2009 WL 482474, at *4 (E.D. Va. Feb. 24, 2009) (citing Johnson, 785 F.2d at 510). For example, the court considers an amendment futile when it would not survive a motion for summary judgment. See Steinburg v. Chesterfield County Planning Comm'n, 527 F.3d 377 (4th Cir. 2008) (upholding the district court's finding of amendment's futility where it would not survive summary judgment); Smithfield Foods Inc. v. United Food and Commercial Workers Int'l Union, 254 F.R.D. 274, 281 (E.D. Va.2008) (citing Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 766 (9th Cir. 1986)).

### B. Defendants' Motion for Summary Judgment of Plaintiff's FDCPA Claim with Respect to Defendant Archie C. Berkeley, Jr.

The crux of Defendants' argument in their Joint Motion for Summary Judgment is that Plaintiff's 2006 Loan obligation is not a "debt" within the meaning of the FDCPA. "Debt" within the FDCPA is defined as an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692(a)(5); see, e.g. Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 234 (4th Cir. 2007) (citing 15 U.S.C. § 1692(a)(3), (5)). Smith argues that the 2006 Loan is the only loan critical to the Court's analysis. However, because a majority of the 2006 Loan was used to pay off the 2004 Loan, the money primarily went to that purpose. Therefore, the characterization and nature of the 2004 Loan is critical to the Court's analysis.

#### I. June 30, 2004 Loan

When applying for and finalizing the 2004 Loan, Plaintiff represented to the Bank that the Loan would be used for business purposes. Smith's Company, Piedmont Construction, was the

4

Borrower on the Loan, and Smith was the Guarantor of the Loan, as noted in the 2004 Loan's "Commercial Guaranty." (Def.'s Mot. Ex. A.1.). On June 30, 2004, and subsequently on July 25, 2005, February 1, 2006, and September 12, 2006, Smith signed four DRA's relating to the 2004 Loan. These DRA's plainly state that the primary purpose of the loan is for "Business (Including Real Estate Investment)." They also state that by signing the Authorization, the Borrower "REPRESENTS AND WARRANTS TO LENDER THAT THE INFORMATION ABOVE IS TRUE AND CORRECT . . ." (Def.'s Mot. Ex. A.2-5.) (Emphasis in original.)

Smith now claims that his 2004 Loan was a mortgage on his house and full time residence, and that it was thereby used for personal purposes. Smith also claims, through his own declarations and those of his accountant, Carroll Hurst, that Piedmont Construction was not a commercial entity, conducted no commercial activities, and that its sole function was to hold title to Smith's personal residence. (Pl.'s Resp. Ex. E, ¶¶ 4-11.) Hurst's declaration does not address Smith's 2004 Loan DRA's or any of the other Loan documents. These DRA's clearly show, however, that starting in June, 2004 when Smith signed for the Loan, he repeatedly represented that the primary purpose of the Loan was business.

The law does not permit Smith to execute loan documents in order to receive benefits and later, when it suits him, essentially contend that his previously signed attestations were incorrect. In the bankruptcy context, the Fourth Circuit Court of Appeals has held that "quasi-estoppel forbids a party from accepting the benefits of a transaction or statute and then subsequently taking an inconsistent position to avoid the corresponding obligations or effect." In re Robb, 23 F.3d 895, 898 (4th Cir. 1994). Courts in this district have also applied the doctrine in other contexts, finding that " . . . it would be unconscionable to permit the offending party to maintain an inconsistent position from which it has already derived a benefit or in which it has acquiesced." County School

5

Bd. v. RT, 433 F. Supp. 2d 692, 705 (E.D.Va. 2006) (citing Scott County, Arkansas v. Advance-Rumley Thresher Co., 288 F. 739, 751 (8th Cir. 1923)).

Smith's proffered evidence does not rebut his awareness or understanding of his representations and warranties about the 2004 Loan. The Court finds that allowing Smith to change his position as to the characterization of the 2004 Loan where he has already derived a benefit from its previous business characterization would be unconscionable, particularly given Smith's status as a licensed attorney. Quasi-estoppel prohibits Smith from receiving the benefit of the 2004 Loan and now repudiating his numerous attestations when he seeks aid under consumer protection laws.

II. September 19, 2006 Loan

It is uncontested by both parties that approximately $200,000, or 80 percent, of the proceeds of the $250,000 2006 Loan, was used to pay accrued principal and interest on the 2004 Loan to Piedmont Construction. Contrary to his argument for the 2004 Loan, Smith asserts that the DRA for his 2006 Loan should dictate its characterization. His 2006 Loan DRA states that he is the borrower and that the Loan is for "Personal, Family, or Household Purposes or Personal Investment" (Pl.'s Resp. Ex. A.). Smith argues that the DRA and the Loan's primary use toward the payment of the 2004 Loan should qualify the 2006 Loan as a "debt" used primarily for "personal, family, or household purposes" under the FDCPA. Defendants argue that because of the 2006 Loan's payment toward the 2004 Loan, Smith's 2006 Loan should be characterized as a business Loan outside the bounds of the FDCPA.

In determining whether an obligation falls under the ambit of consumer protection statutes, this district has held that the FDCPA "is concerned with the substance of the transaction as opposed to the form." Perk v. Worden, 475 F. Supp. 2d 565, 569 (E.D. Va. 2007). The Court in Perk referenced numerous other Circuits' holdings, recognizing that "[t]he Act characterizes debts in

terms of end uses," and "neither the lender's motives nor the fashion in which the loan is memorialized are dispositive of th[e] inquiry." Id. (quoting Bloom v. I.C. Sys., Inc., 972 F.2d 1067, 1069 (9th Cir. 1992)). Although Smith took out the 2006 Loan on his own behalf, and the DRA states that its primary purpose would be personal, the actual primary use of the 2006 Loan was the payment of the 2004 Loan, and this use must be considered.

Looking to the primary use of the proceeds of the 2006 Loan, the Court finds that there is no genuine dispute that Smith used approximately 80 percent of the 2006 Loan to pay off the 2004 Loan. Because Smith is estopped from arguing that the 2004 Loan was not made for business purposes, the primary purpose of the 2006 Loan was also subsequently business-related. Because the proceeds of the 2006 Loan did not go primarily to "personal, family, or household purposes," as required for the Loan to qualify as a "debt" under the FDCPA, Defendant Berkeley is entitled to judgment as a matter of law on Smith's FDCPA claim.[2] Plaintiff may well have violated the terms of his 2006 Loan agreement by using it primarily for a business purpose, but that does not change the Court's finding and put the Loan within the FDCPA's jurisdiction.

C. Plaintiff's Motion for Leave to Amend

I. Defendant EVB

Based on Plaintiff's Motion to Amend, Defendants' Responses, and the record, it appears that Defendant EVB was not served with Plaintiff's original Complaint and did not file an answer or other responsive pleading to the Complaint.[3] Although the facts surrounding Plaintiff's service of

---

[2]Defendants argue that Smith used the remaining funds of his 2006 Loan toward operations of two of Smith's other businesses, which Smith disputes. This examination is not necessary since the majority of the funds were used to pay off Smith's 2004 Loan.

[3]Defendant EVB's Joint Motion to Dismiss is not a responsive pleading that precludes amendment under Rule 15(a) without leave of the Court. Domino Sugar Corp. v. Sugar Workers Local Union 392 of the United Food and Commercial Workers Int'l Union, 10 F.3d 1064, 1068 n.1

process are not fully developed, it is clear that he did not file an answer. A Defendant waives its right to object to improper service of process where it fails to assert that defense in its first Rule 12 motion, or other responsive pleading. Fed. R. Civ. P. 12(h)(1); see Xyrous Commc'n, LLC v. Bulgarian Telecommc'n Co. AD, No. 1:09CV396, 2009 WL 2877084 (E.D. Va. Sept. 4, 2009) (citing Foster v. Arletty 3 Sarl, 278 F.3d 409, 413-414 (4th Cir. 2002)).

Because EVB has not raised the service issue as a defense in its Joint Motion to Dismiss and has not filed a responsive pleading, Mr. Smith is entitled as a matter of right to amend his complaint against this Defendant. Fed. R. Civ. P. 15(a).[4] EVB, like Mr. Berkeley, argues that allowing amendment would be futile, however "the doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend." Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010). Therefore, with respect to Defendant EVB, Plaintiff's Amended Complaint, as filed with his Motion for Leave to File, will be adopted by the Court. Defendant EVB is directed to file an answer to the Amended Complaint within seven (7) days of the Court's Order. Defendant EVB may thereafter renew its Motion for Summary Judgment if appropriate.

II. Defendant Archie C. Berkeley, Jr.

Defendant Berkeley was served with the Complaint and filed his Answer thereto on October 14, 2009. Smith filed his Motion to Amend on December 30, 2009, more than 21 days after service

---

(4th Cir. 1993) (citing United States v. Newbury Mfg. Co., 123 F.2d 453 (1st Cir. 1941)).

[4]As of December 1, 2009, Federal Rule of Civil Procedure 15(a) was amended to allow amendment as a matter of course to a pleading "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Smith filed his initial Complaint on September 4, 2009, and his Motion to Amend Complaint on December 30, 2009, after the Rule's amendment. Defendants filed their Joint Motion to Dismiss under Rule 12(b) on December 23, 2009, which would permit Mr. Smith to amend 21 days after service, until January 13, 2010. Thus, Smith was allowed to amend his original complaint once as a matter of course on December 30, 2009.

of Berkeley's Answer. Therefore, Smith may amend his complaint only by leave of the court or by written consent of the defendant. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006); Fed. R. Civ. P. 15(a).

Smith moves to amend his Complaint on several grounds. He seeks to clarify any confusion Defendants have expressed over elements of his Complaint, and asserts that at the time he filed his Complaint, he did not have necessary documentation of the 2006 Loan due to Defendants' allegedly unlawful attempts to foreclose on his home. Smith also alleges that ongoing discovery in his related state action against Defendants has disclosed more evidence significant to the instant matter.

The Amended Complaint contains the same basic allegations of the original Complaint, with greater detail and the addition that Smith has now located documentation stating that the 2006 Loan was not secured by his residence, which he mistakenly stated in his original Complaint. (Pl.'s Am. Compl. ¶¶ 9-10.) The Court finds, however, that based on its analysis and determination that Smith's 2006 Loan does not qualify as a "debt" under the FDCPA because it was used primarily for business purposes, Smith's proposed amendments would be futile. The court should deny a motion to amend on the basis of futility where the "proposed amendment is clearly insufficient or frivolous on its face." Cappetta, 2009 WL 482474, at *4. In this case, Smith's amendment, on its face, is clearly insufficient to show that the 2006 Loan falls within the purview of the FDCPA, or to transform the Loan into a "debt" therein.

## CONCLUSION

There is no genuine factual dispute that Smith used a majority of the 2006 Loan at issue for a business purpose, as he used approximately $200,000 of the $250,000 2006 Loan to pay off the 2004 business Loan. Therefore, that loan was not "primarily used" for personal, household, and family purposes under the FDCPA. An amendment to the Complaint would also be futile, as Plaintiff's

9

Amended Complaint is clearly insufficient to withstand summary judgment. Accordingly, with respect to Defendant Berkeley, the Court will GRANT Defendants' Motion for Summary Judgment and dismiss the Complaint with prejudice, and will DENY Plaintiff's Motion for Leave to Amend in a separate order to follow. With respect to Defendant EVB, for the reasons stated, the Court will GRANT Plaintiff's Motion for Leave to Amend, and subsequently DENY Defendant EVB's Motion to Dismiss, or in the alternative, for Summary Judgment.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to the pro se plaintiff.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this 23rd day of March 2010