IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ROBERT C. SMITH<br><br>v.<br><br>EVB and ARCHIE C. BERKELEY, JR.<br><br>                              Defendants. | Civil Action No. 3:09–CV–554 |

MEMORANDUM OPINION

THIS MATTER is before the Court on five Motions: (1) Defendant EVB's Renewed Motion to Dismiss under Rule 12(b)(6), or in the alternative, for Summary Judgment under Rule 56 (Doc. No. 26); (2) Plaintiff Robert E. Smith's ("Plaintiff") Motion to Alter Order (Doc. No. 30); (3) Plaintiff's Motion to Strike Amended Answer and Affirmative Defenses to Amended Complaint (Doc. No. 33); (4) Plaintiff's Motion to Strike Renewed Motion for Summary Judgement (Doc. No. 36); and (5) EVB's Motion for Extension of Time to File Reply (Doc. No. 39.) Plaintiff alleges in his Amended Complaint that Defendant EVB, along with Defendant Archie Berkeley, violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1962, et seq. (the "FDCPA" or the "Act").

Normally, a court may not consider documents submitted outside the complaint in ruling on a motion to dismiss, unless the court converts the motion into one for summary judgment. Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396–97 (4th Cir. 2006); see Fed. R. Civ. P. 12(d) ("If on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). In this case, because the Court considers documents outside of Plaintiff's AmendedComplaint, and because the nature of Plaintiff's 2004 and 2006 Loans is a question of fact, the Court will treat Defendant's Renewed Motion as one for Summary Judgment.

1

For the reasons set forth below and following the June 17, 2010 hearing on the Motions, the Court DENIES Smith's Motion to Alter (Doc. No. 30) and Motions to Strike (Doc. Nos. 33 & 36), and GRANTS Defendant EVB's Motion for Summary Judgment and Motion for Extension of Time (Doc. Nos. 27 & 39).

BACKGROUND

On or about June 30, 2004, Plaintiff obtained a line of credit loan from the Bank of Goochland ("BOG" or the "Bank") ("2004 Loan") through the Piedmont Construction, LLC ("Piedmont Construction),[1] a company owned by Plaintiff. (Compl. ¶ 8). The 2004 Loan had an initial principal balance of $210,000.00 and an initial maturity date of June 30, 2005. Smith executed a "Commercial Guaranty" for the 2004 Loan when signing for it. The 2004 Loan was renewed on or about July 25, 2005, February 1, 2006, and September 12, 2006. (Def.'s Joint Mot. to Dismiss Ex. A.3-5) For each of these renewals, Smith signed contemporaneous Disbursement Request Authorizations ("DRA's") which expressly stated that the 2004 Loan was primarily for business purposes.

On or about September 19, 2006, Smith took out a Loan with BOG for $250,000 ("2006 Loan"). Plaintiff made this loan in his name, and the Loan DRA stated that it was primarily for personal, family, or household purposes. (Pl.'s Resp. Summ. J. Ex. A). On or about September 26, 2006, Smith used approximately $200,000, or 80 percent, of the 2006 Loan to pay off the balance on the 2004 Loan.

On February 29, 2008, the Bank assigned the 2006 Loan to EVB pursuant to a Sale and Assignment Agreement. (Def.'s Joint Mot. Ex. A.8.) Smith's AmendedComplaint alleges that at

---

[1]In February, 2006, Piedmont Construct, LLC became Piedmont Construction 1, LLC, and will be referred to as "Piedmont Construction" for purposes of this Opinion.

2

certain points thereafter, Defendants violated the FDCPA, and he requests damages pursuant to the Act.

On March 23, 2010, this Court granted co-defendant Archie C. Berkeley's Joint Motion for Summary Judgment, denying Plaintiff's Motion for Leave to Amend Complaint as futile. However, because Defendant EVB had not filed an Answer or Responsive Pleading to Plaintiff's Complaint, the Court granted his Motion for Leave to Amend Complaint as a matter of right, denied EVB's Motion for Summary Judgment or to Dismiss, and directed EVB to file its answer to Plaintiff's Amended Complaint within seven (7) days. EVB filed its initial Answer on March 30, 2010, and Smith and EVB filed the instant Motions thereafter. On June 17, 2010, the Court heard argument on Plaintiff's Motions to Strike and Plaintiff's Motion to Alter the Court's Order.

DISCUSSION

A. Plaintiff's Motion to Strike Amended Answer

Plaintiff moves to strike EVB's April 19, 2010 Amended Answer and Affirmative Defenses to its Amended Complaint. Plaintiff's Amended Complaint was deemed filed pursuant to the Court's March 23, 2010 Order. EVB filed its initial Answer on March 30, 2010, pursuant to the Court's Order. (See Doc. No. 24.) On April 19, 2010, EVB filed an Amended Answer, which included the affirmative defense of estoppel. (Def. EVB's Am. Answer 13.) Smith asserts that pursuant to the filings prior to the Court's Order and Fed. R. Civ. P. 15(a)(2), EVB's answer to Smith's Amended Complaint was due January 13, 2010. This, he argues, would have been within 21 days of when EVB's original answer was due, meaning EVB must move for leave of court to file its amended answer. Smith asserts that allowing EVB to amend its answer would be prejudicial to him, and that the Court should strike EVB's Amended Answer and Amended Affirmative Defenses. In response, EVB asserts that Smith erroneously bases his Motion to Strike on Rule 15(a)(2) instead of

Rule 15(a)(1).

The Court finds that Smith's assertion that EVB should have filed any amendments within 21 days of its initial Joint Motion to Dismiss is not sound. The Court directed EVB to file its Answer within 7 days of the March 23, 2010 Court's Order. Federal Rule of Civil Procedure 15(a)(1) permits parties to amend any pleading "once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1). EVB's Answer is a "pleading" for the purposes of Rule 15(a)(1). Its amendment and inclusion of the affirmative estoppel defense was proper, as it was filed within the appropriate time period. Plaintiff's Motion to Strike is therefore DENIED.

B.  Plaintiff's Motion to Strike EVB's Reply in Support of Motion to Dismiss or for Summary Judgment and EVB's Motion for Extension of Time to File

Smith moves the Court to strike Defendant EVB's Reply Memorandum to Smith's Response to EVB's March 30, 2010 Motion to Dismiss or in the Alternative, for Summary Judgment, based on Defendant's alleged procedural error. Smith states that a copy of his Response was hand delivered by courier to EVB counsel Reed Smith's offices on April 16, 2010, where it was signed for by a staff member. (Pl.'s Mot. Ex. A.) Therefore, Plaintiff asserts that EVB's Reply brief was due on Monday, April 19, 2010 pursuant to the Local Rules of Court. However, Defendant EVB filed its Reply brief on Thursday, April 22, 2010 without requesting leave of the Court, which Smith argues should preclude EVB's Reply from consideration. Following Plaintiff's Motion to Strike, on April 30, 2010, EVB filed a Motion asking for the extension to file until April 22, 2010. See Infra, II.D.2.

EVB concedes that a copy of the Response was delivered to the Reed Smith office on the morning of April 16, 2010, but states that through an internal administrative error, counsel was not advised by the staff that a copy had been delivered to the office, and did not learn of the delivery until Smith's first Motion to Strike. EVB asserts that Smith's April 16, 2010 Response was also

4

served on counsel for EVB through the Court's CM/ECF system on the morning of April 16, 2010. The certificate of service attached to the Response states that the document was served on April 16, 2010. In calculating the due date for their reply brief, counsel for EVB relied upon the certificate of service attached to the response, and pursuant to Federal Rule of Civil Procedure 6(d) and Local Rule 7(F), filed EVB's Reply on April 22, 2010.

EVB asserts that based on the certificate of service required under Federal Rule of Civil Procedure 5(d), it was entitled to a three day extension making its April 22 Reply timely, and that it reasonably and in good faith relied upon the certificate of service. EVB asks that if the Court concludes that its Reply was due on April 19, 2010, that it alternatively extend the time to file because it may do so at its discretion "if the party failed to act because of excusable neglect." Also, EVB asserts that Smith has not been prejudiced or harmed by the filing of EVB's Reply on April 22, and that the Reply does not contain new assertions and arguments.

Rule 6(b) of the Federal Rules of Civil Procedure provides that a "court may, for good cause, extend the time" by which "an act may or must be done." Fed. R. Civ. P. 6(b). That Rule also provides in relevant part that "after the time has expired," as it did in this case, a court may grant an extension of time "on motion . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 895-97 & n.5 (1990).

Pursuant to Smith's hand delivery to Reed Smith's office, under the Local Rule 7(F)(1) requirement that rebuttal briefs be filed within three (3) days after the service of the opposing party's brief, EVB's Reply was due on April 19, 2010. However, the Response was also filed electronically on April 16, 2010, as stated in the certificate of service, which, pursuant to Fed. R. Civ. P. 6(d) and Local Rule 7(F), would permit EVB to file its Reply on April 22, 2010, the day EVB filed. Because EVB appears to have acted in good faith and its relatively short three-day late filing has not

5

prejudiced the Plaintiff or negatively impacted the judicial proceedings at this stage, the court holds that EVB's failure to file its answer on April 19, 2010 was the result of excusable neglect. The Court will GRANT EVB's Motion for Extension of Time and will consider the merits of its Reply in ruling on EVB's Renewed Motion to Dismiss. Plaintiff's Motion to Strike the Reply, therefore, is DENIED.

D. Plaintiff's Motion to Alter the Court's Order

Pursuant to Rule 59(e) of the Fed. Rules of Civil Procedure, Smith moves the Court to amend its Order granting Summary Judgment for Defendant Berkeley because he argues that it was clear legal error for the Court to: (1) allow Berkeley the opportunity to introduce new assertions not made in his answer or December 23, 2009 Motion to Dismiss, and (2) deem the use of the 2006 Loan as a business loan and thus not a "debt" under the FDCPA.

The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e) to alter a dispositive judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Nor should a party use a 59(e) motion "to ask the Court to rethink what the Court had already thought through." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 1010 (E.D. Va. 1983). A movant must avoid re-litigating old matter, and avoid raising arguments that could have been raised prior to the entry of judgment. Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996). Rule 59(e) motions may not be used to argue a case under a novel legal theory that the moving party could have addressed in the first instance. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396 (4th Cir. 1998) (citations omitted).

Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party

6

"must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." Small v. Hunt, 98 F.3d 789, 798 (4th Cir.1996) (quoting RGI, Inc. v. Unified Indus., Inc., 963 F.2d 658, 662 (4th Cir.1992)). In general, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d at 403 (citations omitted).

Smith seeks an alteration to correct what he asserts are clear errors of law or to prevent a manifest injustice. However, the Court finds that he fails to articulate a claim that satisfies these grounds. Smith's new arguments, theories, and evidence could have been raised prior to the issuance of the judgment, or have already been considered by the Court based on his pleadings prior to the Court's Order.

Smith first argues that Berkeley is precluded from raising his estoppel defense in his Answer or Motion to Dismiss pursuant to Federal Rule of Civil Procedure 8(c)(1). Additionally, pursuant to Local Rule 7(F)(1), Smith asserts that he did not previously have the opportunity to present evidence to counter Berkeley's claims because Berkeley first raised the estoppel argument in his Amended Reply (Doc. No. 18) in support of Motion to Dismiss. Mr. Smith could have raised these arguments prior to the issuance of judgment by requesting to file a response to Defendants' Reply, moving to strike that portion of their Reply, or by further raising the issue during or prior to the Court's February 26, 2010 hearing on the Joint Motion for Summary Judgment.

Even if the Defendants' estoppel defense was not pled properly in Berkeley's Answer, the Court may address the issue. Generally, when a party fails to raise an affirmative defense in its answer, it waives the defense. "However, the majority of federal circuit courts have held that when a defendant raises an affirmative defense in a manner that does not result in unfair surprise to the other party, noncompliance with Rule 8(c) will not result in waiver of the affirmative defense."

7

Vermont Mut. Ins. Co. v. Everette, 875 F.Supp. 1181, 1189 (E.D.Va.1995); See also Peterson v. Air Line Pilots Assoc. Int'l, 759 F.2d 1161, 1164 (4th Cir.1985), cert. denied, 474 U.S. 946 (1985). Defendants asserted in their Joint Motion to Dismiss, and throughout the subsequent pleadings related to the Motion to Dismiss, that the 2004 Loan was a commercial obligation, not a personal one, and Mr. Smith, in his Responses, laid out his arguments regarding why he believed that the 2004 Loan was a personal obligation. Smith was therefore aware of Defendants' position from an early stage in the dispositive motion proceedings, and the Court finds that Plaintiff was not prejudiced or unfairly surprised by Defendants' assertion of the estoppel defense.

      Smith asserts that he and his accountant have submitted additional affidavits raising genuine issues of material facts in dispute, including the assertion that Smith did not check the business purpose box in the 2004 Loan DRAs, or that they were checked when he signed them. Smith presents no legitimate justification for not presenting this evidence in any of his numerous pleadings prior to the Court's judgment, or at oral argument on the Defendants' Joint Motion to Dismiss. Defendants attached the 2004 Loan DRAs to their initial December 23, 2009 Joint Motion to Dismiss (Doc. No. 7, Def.'s Joint Mot. to Dismiss, Exs. 2-5), specifically referred to and relied on Smith's execution of "Disbursement Requests and Authorization forms" in their January 19, 2010 Initial Reply (Doc. No. 12, Def.'s Reply 4), and continued to rely on the DRAs in pleadings thereafter. Based on the numerous opportunities that Smith had to respond to this argument in his response briefs prior to the Court's ruling, the Court finds that Smith has not presented any legitimate justification as to why he did not raise this issue prior to the Court's Order.

      Smith also asserts that the Court misapplied the "end uses" test for a debt's characterization and that Smith treated the 2004 Loan as a personal loan for federal tax purposes, but this is merely a re-hashing of Smith's argument in Responses to the Joint Motion to Dismiss. This argument is not

8

proper under Rule 59(e) as it simply asks the Court to relitigate a matter that it already decided. Smith also argues that the Court should have estopped EVB from arguing that the 2006 Loan was not a personal loan based on the DRA that he signed indicating it was for personal, family, or household purposes. On this matter, and to the degree that Smith introduces new evidence through his affidavits that he treated the 2004 Loan as a personal obligation on his taxes, he has not presented a legitimate explanation as to why this was not brought before the Court prior to its Order.

Smith also argues that estoppel was inapplicable to him because there was no nexus between Piedmont and EVB, because neither he nor EVB was a party to the 2004 Loan transaction, and because EVB did not detrimentally rely on the 2004 Loan being a business loan. The Court finds Smith's arguments, which he could have raised prior the Court's Order, unconvincing. Smith, an attorney, endorsed the 2004 certificate and note as manager and owner of Piedmont. Quasi-estoppel does not require a showing of detrimental reliance, County School Bd. v. RT, 433 F. Supp. 2d. 705 (E.D. Va. 2006), and allows the Court to apply the doctrine where it finds, as it did here, that it would be unconscionable to permit the offending party, Mr. Smith, to assert the allegedly contrary positions. Id. at 705. (omitting citations). Here, the Court finds that Smith fails to articulate a claim which satisfies any of the three grounds warranting relief from judgment under Fed. R. Civ. P. 59(e). Accordingly, Smith's Rule 59(e) motion will be denied.

E. Defendant EVB's Renewed Motion for Summary Judgment Under Rule 56, or to Dismiss under Rule 12(b)(6)

Defendant EVB renews its Motion to Dismiss Plaintiff's Amended Complaint, noting that Smith was permitted to file his Amended Complaint solely due to a procedural technicality. EVB incorporates by reference its Memorandum in Support of Defendants' Joint Motion to Dismiss and

exhibits thereto (Doc. No. 7) and asserts that as stated in the Court's March 23, 2010 Memorandum Opinion (Doc. No. 23), the 2006 loan obligation at issue is not a "debt" under the FDCPA, which Smith fails to show in his original and Amended Complaint.

A motion for summary judgment lies only where "there is no genuine issue as to any material fact" and where "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). All "factual disputes and any competing, rational inferences [are resolved] in the light most favorable to the party opposing that motion." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotations marks and citations omitted). In their analyses, courts look to the affidavits or other specific facts pled to determine whether a triable issue exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where no genuine issue of material fact exists, it is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Drewitt v. Pratt, 999 F.2d 774, 778–79 (4th Cir. 1993) (internal quotation marks omitted). However, summary judgment should not be granted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. Mere unsupported speculation is not sufficient if the undisputed evidence indicates the other party should win as a matter of law. Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008).

With respect to Defendant Berkeley, for whom the Joint Motion to Dismiss was granted, the Court found that the Smith's Amended Complaint would be futile in altering the Court's decision to grant summary judgment. That determination remains unchanged, despite Smith's attempt to raise new arguments and create an issue of fact. As the Court noted previously, the FDCPA narrowly defines a "debt" as an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the

transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692(a)(5). In its first opinion, this Court found that Smith's 2006 Loan that is the subject of this suit was used primarily for business purposes and is not, therefore, a "debt" under the FDCPA. (See Doc. No. 23, Memorandum Opinion.)

Smith makes numerous arguments in his Response to EVB's Renewed Motion, many of which are the same as those he makes in support of his Motion to Alter the Court's Judgment (Doc. No. 31) (see Supra, II.C), and similar to those he made in his initial Responses to Defendants' Joint Motion to Dismiss. (Doc. Nos. 10 & 16.) The Court finds that these argument fail to create a genuine issue of material fact. For the same reasons as articulated in the first Memorandum Opinion, Smith is estopped from arguing that the 2004 Loan was not a business loan, making the primary purpose of the 2006 Loan business, since the majority of it was used to pay off the 2004 Loan.

In terms of Smith's assertion in his affidavit that the "business purpose" boxes in the 2004 DRAs were unchecked, the Court finds that Smith does not create a genuine issue of material fact where he has had multiple opportunities prior to the Court's Summary Judgment ruling to make these assertions. As EVB notes, the Fourth Circuit has held that a motion for summary judgment cannot be defeated by the non-moving party's submission of an affidavit creating "a sham issue of fact." See, e.g., Rohrbough v. Wyeth Laboratories, Inc., 916 F.2d 970 (4th Cir. 1990); Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984). Although this rule is frequently applied where a non-moving party submits an affidavit that contradicts prior deposition testimony, it has also been applied where he or she would have been expected to present factual evidence but did not do so until after the filing of a summary judgment motion. See Sanders v. Bethlehem Steel Corp., 91 F.3d 133, No. 95-2495, 1996 WL 359467 (4th Cir. June 28, 1996) (unpublished opinion) (finding that the

plaintiff's failure to reveal the use of specific discriminatory statements in her deposition and her failure to recall the same when asked about it was tantamount to testimony that it did not occur, where she alleged specific statements in her affidavits responding to defendant's motion for summary judgment). Under the instant circumstances, the Court finds Smith's failure to raise the issue of the "unchecked boxes" warrants application of the rule, and therefore the affidavit will not defeat summary judgment. Smith had numerous opportunities to raise this allegation, and did not do so in his Complaint or Amended Complaint, making this assertion only after the Defendant's second Summary Judgment Motion.

Because the Court finds Smith's additional arguments insufficient to create a genuine issue of material fact to survive summary judgment, and for the reasons articulated in the Court's original Memorandum Opinion, EVB's Renewed Motion for Summary Judgement is GRANTED.

## CONCLUSION

For the reasons stated above, as well as those articulated in the Court's March 23, 2010 Memorandum Opinion, the Court GRANTS Defendant EVB's Renewed Motion for Summary Judgment and Motion for Extension of Time and DISMISSES Plaintiff's Complaint with prejudice. The Court DENIES EVB's Motion to Dismiss as MOOT, and DENIES Plaintiff's Motions to Strike and Motion to Alter the Court's Judgment. A separate order will follow.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to the pro se plaintiff.

                                          /s/
James R. Spencer
Chief United States District Judge

ENTERED this  30th  day of June 2010