UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT C. SMITH,

        Plaintiff,

v.                                    Civil Action No.: 3:09cv554

EVB, et al.,

        Defendants.

## EVB'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR AN AWARD OF ATTORNEYS' FEES

Defendant EVB, by counsel, files this Reply Brief in response to "Plaintiff's [*sic*] Robert

C. Smith's Memorandum in Opposition to EVB's Motion for Attorney's Fees" (Doc. # 58,

hereinafter "Plaintiff's Opposition").

## INTRODUCTION

The sole issue before the Court on EVB's Motion for an Award of Attorneys' Fees (Doc.

# 47) (the "Motion") is whether attorneys' fees should be awarded to EVB based on Plaintiff's

actions in pursuing this litigation.  Here, the Court has twice ruled that the "debt" at issue in

Plaintiff's Complaint is not covered by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692,

*et seq*., ("FDCPA").  Since at least March 23, 2010 when this Court entered its Memorandum

Opinion (Doc. # 23) and corresponding Order (Doc. # 24) ("March 23 Order"), Plaintiff has been

on notice of the fact that the FDCPA does not apply to his claims against EVB.  Nevertheless, as

briefed in EVB's Memorandum in support of this Motion (Doc. # 48) ("Mem."), Plaintiff not

US_ACTIVE-104293417.4

only continued to pursue his FDCPA claim, he also brought frivolous motions to strike and filed numerous other meritless papers with the Court, including sham affidavits.

Plaintiff filed his brief in opposition to this Motion on August 6, 2010 and EVB was served via ECF on August 9, 2010. The document EVB received as Doc. # 58 on August 9, 2010, included one exhibit—Exhibit A—which was a non-notarized affidavit from Smith. On August 10, 2010, EVB received via ECF a second version of Plaintiff's Opposition attaching a notarized copy of Exhibit A,[1] as well as a 2-page affidavit labeled "Exhibit Affidavit A."[2]

Even now, in Plaintiff's Opposition and the documents attached thereto, Plaintiff—in contravention of Rule 11 and 15 U.S.C. § 1692k(a)(3)—continues to reassert his same claims against Defendants, which claims have previously been fully briefed and argued by the parties, and summarily rejected by this Court on two separate occasions. These arguments simply do not belong in a proper opposition brief filed in response to EVB's pending Motion. Rather than respond to the substance of EVB's Motion, Plaintiff fights for a third bite at the apple by again asserting arguments that address the merits of his own adjudicated claims instead of opposing EVB's claim for its attorneys' fees. EVB repeatedly has responded to Plaintiff's allegations in the papers filed with this Court and in oral argument, and need not do so again in this Reply

---

[1] Because the notarization indicates Exhibit A, which is Plaintiff Smith's own Affidavit, was signed on July 28, 2010, it is unclear why the notarized copy was not submitted with the original filing on August 6, 2010.

[2] This additional affidavit is not referenced in Plaintiff's Opposition. Moreover, the affiant, who signed in Alabama, does not allege personal knowledge of the facts contained in the affidavit. The additional affidavit also does not include its referenced exhibit. Further, in addition to being filed after the deadline set in this Court's June 30 Order, this affidavit is irrelevant on EVB's Motion for attorneys' fees and is equally irrelevant as to the merits of Plaintiff's Amended Complaint because it contains no probative information.

Brief.  By failing to address EVB's claim for an award of its attorneys' fees, Plaintiff has not

presented any meaningful opposition and EVB's Motion should be granted as if unopposed.

## ARGUMENT

I.   <u>The Duty to Conduct a Reasonable Investigation does not End with the Filing of a Complaint</u>

Plaintiff relies on case law that deals with pre-filing investigations in support of his

position that he did not violate Rule 11 when he filed the Complaint and Amended Complaint.

A litigant's duty does not end upon the filing of a complaint.  Rather, every time a pleading,

motion or other paper is presented to the Court, the party signing certifies, not only that the party

has conducted a reasonable inquiry, but also that the paper is not being presented for any

improper purpose, that the claims, defenses or other contentions are warranted by existing law,

that the factual contentions have evidentiary support and that denials of factual contentions are

warranted on the evidence.  Fed. R. Civ. P. Rule 11.  Plaintiff acknowledges that the standard for

sanctions liability under the FDCPA mirrors the standard set forth in Rule 11.  *See* Plaintiff's

Opposition, pp. 1-2.

Yet, Plaintiff does not address his post-filing obligations under Rule 11, which EVB

argued in its Motion.  He makes no effort whatsoever to rebut EVB's contentions that Plaintiff

was on notice no later than March 23, 2010 that his FDCPA claim lacked merit.  Nor does

Plaintiff respond to EVB's argument that bad faith is found where a plaintiff continues to press a

claim under the FDCPA after he learns that there is no factual or legal basis for that claim.  *See*

Mem. at pp. 3-4, *citing Black v. Equinox Financial Management Solutions, Inc.*, 444 F. Supp. 2d

1271 (N.D. Ga. 2006).

Like the plaintiff in *Black v. Equinox*, Plaintiff's continuing to press his FDCPA claim

after this Court entered the March 23 Order "can only be attributed to a bad faith effort to run up

attorney's fess and costs in hopes of a last minute settlement or to a similarly bad faith gamble

that the claim might proceed to trial despite its lack of merit." *Black v. Equinox*, 444 F. Supp. 2d

at 1276.  Here, Plaintiff went even further by submitting sham affidavits and insisting that the

Court grant him his "day in Court," while unnecessarily denigrating EVB and its counsel.  *See*

Plaintiff's Memorandum in Opposition to Defendant EVB's Motion for Extension of Time to

File Response Due to its Filing a Late Response in Violation of Local Rule of Court 7(F)

("Opposition to EVB's Motion for Extension"), Doc # 42, at pp. 1-2; *see also* Mem. at pp. 4-6.

While EVB disagrees that Plaintiff's Complaint and Amended Complaint were grounded in fact

or law when originally filed, at minimum, Plaintiff was on notice no later than March 23, 2010

that his claims against EVB lacked merit.  *See* Mem. at pp. 4-5.  Even so, Plaintiff did not relent

in pursuing his claims.  He now continues to press the same claims on the same bases twice

considered and rejected by the Court.  Therefore, Plaintiff's actions clearly run afoul of the

standards set forth in Rule 11 and in the FDCPA such that sanctions—including the award of

attorneys' fees sought by EVB in this Motion—should be imposed by the Court.

II.    <u>Plaintiff's Failure to Address the Substance of EVB's Motion Amounts to a Waiver of
       any Argument Plaintiff could have Made in a Timely Filed Opposition Brief</u>

Plaintiff's initial "Analysis" focuses on EVB's alleged "Bad Faith and Misrepresentations

to the Court," which is irrelevant to EVB's Motion.  Plaintiff's Opposition, p. 7.  Moreover, this

initial argument from Plaintiff appears to be meritless *quid pro quo* in response EVB's legal

argument in the Motion that under *Guidry v. Clare*, 442 F. Supp. 2d 282 (E.D. Va. 2006) this

Court may consider Plaintiff's filings in other Courts.  While Plaintiff does not address *Guidry v.

Clare*, Plaintiff does state that "Plaintiff has informed federal and state investigators about

EVB's conduct in misrepresenting financial information, and these entities, having found merit

in these allegations have begun an investigation of EVB."  Plaintiff's Opposition, pp. 19-20.

Next, Plaintiff goes on to incorrectly state that "for a procedural technicality, Defendants' 12/23 Motion likely would have been dismissed" and then reargues from his prior motions and briefs that the BOG Note was a "debt" under the FDCPA.  Plaintiff's Opposition, pp. 8-12.  All of Plaintiff's arguments that the FDCPA applies have already been argued in this matter and were properly rejected by the Court.  Likewise, Plaintiff's estoppel argument was previously presented to this Court; EVB responded to the argument and the Court found against Plaintiff on that issue.  In addition to having already been rejected by the Court, these arguments do not address the Motion to which Plaintiff's Opposition is supposed to respond.

In a two sentence paragraph at the end of Plaintiff's Opposition, Plaintiff concludes that "there is no need to consider the four factors adopted by this circuit in <u>In re Kuntsler</u>."  Plaintiff's Opposition, p. 20.  This paragraph is the only instance in the entire opposition brief in which Plaintiff addresses the substance of EVB's Motion, but Plaintiff relies solely on irrelevant arguments in support of his conclusion that his initial filings did not violate Rule 11.  Plaintiff never addresses the reasonableness of EVB's fee amount because he unilaterally concludes that his conduct did not run afoul of Rule 11.  Therefore, Plaintiff has waived any argument that he could have asserted with respect to the reasonableness of EVB's claimed attorneys' fees.

In sum, Plaintiff's Opposition is wholly devoid of any meaningful response to EVB's Motion for an Award of Attorneys' Fees.  Accordingly, EVB's Motion should be granted and this Court should order Plaintiff to pay EVB's attorneys' fees.

WHEREFORE, Defendant EVB respectfully requests that this Court enter an Order granting its Motion for Award of Attorneys' Fees, awarding it attorneys' fees in the amount of $23,658.50, and granting it such further relief as the Court deems appropriate.

Respectfully submitted,

EVB,
By Counsel

/s/ S. Miles Dumville
S. Miles Dumville (VSB No. 15748)
Travis A. Sabalewski (VSB No. 47368)
Stacy L. Haney (VSB No. 71054)
Alison Wickizer Toepp (VSB No. 75564)
Reed Smith LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
mdumville@reedsmith.com
tsabalewski@reedsmith.com
shaney@reedsmith.com
atoepp@reedsmith.com
        Counsel for Defendant EVB

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2010 a true and correct copy of the

foregoing was served by facsimile and First Class Mail on the following:

> Robert C. Smith, Esquire
> RICHARD KNAPP AND ASSOCIATES, P.C.
> 2800 Patterson Avenue, Suite 101
> Richmond, Virginia 23221
> rob@rknappesq.com
>> Counsel for Plaintiff,

and through CM/ECF to:

> Michele A. Mulligan, Esq. (VSB No. 32068)
> MercerTrigiani
> 11 S. 12th Street, 4th Floor
> Richmond, Virginia 23219
> Michelle.Mulligan@MercerTrigiani.com
>> Counsel for Defendant Archie C. Berkeley, Jr.

> /s/ S. Miles Dumville
> S. Miles Dumville (VSB No. 15748)
> Travis A. Sabalewski (VSB No. 47368)
> Stacy L. Haney (VSB No. 71054)
> Alison Wickizer Toepp (VSB No. 75564)
> Reed Smith LLP
> Riverfront Plaza - West Tower
> 901 East Byrd Street, Suite 1700
> Richmond, VA 23219
> Telephone: (804) 344-3400
> Facsimile: (804) 344-3410
> mdumville@reedsmith.com
> tsabalewski@reedsmith.com
> shaney@reedsmith.com
> atoepp@reedsmith.com
>> Counsel for Defendant EVB