UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| ROBERT C. SMITH, | |
|---|---|
| Plaintiff, | |
| v. | Action No. 3:09-CV-554 |
| EVB and ARCHIE C. BERKELEY, JR., | |
| Defendants. | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on three Motions filed by Plaintiff Robert C. Smith: (1) Plaintiff's Motion to File Under Seal Exhibit A to Motion to Extend Time for Filing Response to Defendants' Motion for Attorney's Fees (Doc. No. 59); (2) Plaintiff's Motion to Amend Time for Filing Response Pursuant [*sic*] Failure to Act Because of Excusable Neglect Pursuant to Rule 6(b)(1)(B) (Doc. No. 60); and (3) Plaintiff's Motion to Alter Court's August 5, 2010 Judgment Pursuant to FRCP 59(e) (Doc. No. 61). For the reasons stated below, Plaintiff's Motions are all DENIED.

I. BACKGROUND

Plaintiff is a lawyer proceeding *pro se* in this matter. Plaintiff filed a Complaint against Defendants on September 4, 2009, asserting claims under the Fair Debt Collection Practices Act. Defendants filed a Joint Motion to Dismiss on December 23, 2009. Plaintiff

1

subsequently filed a Motion for Leave to File an Amended Complaint. The Court converted the Motion to Dismiss into a Motion for Summary Judgment and granted summary judgment in favor of Defendant Berkeley. The Court held that Plaintiff could amend his Complaint against EVB as a matter of right, however, because EVB had not yet filed an answer. EVB filed its Answer on March 30, 2010, along with a Renewed Motion to Dismiss and Motion for Summary Judgment. The Court granted EVB's Renewed Motion for Summary Judgment and directed Defendants to file their costs and fees.

Both Defendants filed Motions for attorneys' fees. Plaintiff subsequently filed a Motion to Extend Time for Filing Response to Defendants' Motion for Attorney's Fees ("Motion to Extend Time"), which the Court denied on August 5, 2010. Despite the denial, Plaintiff filed an untimely Memorandum in Opposition to EVB's Motion for Attorney's Fees on August 6, 2010. Plaintiff did not submit a Response to Berkeley's Motion.

Plaintiff now requests that the Court extend the time for filing his Opposition such that the August 6, 2010 Memorandum in Opposition to EVB's Motion for Attorneys' Fees is deemed timely or, in the alternative, reconsider the Order denying his Motion to Extend Time. Plaintiff also requests that the Court file under seal an exhibit pertaining to his Motion to Extend Time.

II.   DISCUSSION

   a.  Plaintiff's Motion to File Under Seal Exhibit A to Motion to Extend Time for Filing Response to Defendants' Motion for Attorney's Fees

Plaintiff moves the Court to file under seal Exhibit A of his Motion to Extend Time because the Exhibit contains personal medical information.

The Court denied Plaintiff's Motion to Extend Time in the August 5, 2010 Order. As is noted in the Order, Plaintiff did not file any exhibits with his Motion to Extend Time. EVB did, however, file the Exhibit Plaintiff wishes to have filed under seal in its Opposition to Plaintiff's Motion for Extension of Time. Because the Motion to Extend Time, the Motion to which the Exhibit pertains, was denied, the Court denies Plaintiff's Motion to Seal.

   b.  Plaintiff's Motion to Amend Time for Filing Response Pursuant [sic] Failure to Act Because of Excusable Neglect Pursuant to Rule 6(b)(1)(B)

Plaintiff moves the Court to extend the time for filing his response to EVB'S Motion for an Award of Attorneys' Fees such that his August 6, 2010 Memorandum in Opposition to EVB's Motion for Attorney's Fees would be timely. The Court entered an Order on June 30, 2010 directing Defendants to file costs and fees associated with EVB's filing its Renewed Motion to Dismiss, or in the Alternative, for Summary Judgment and Berkeley's defending Plaintiff's Motion to Alter the Court's Judgment Granting Defendant Berkeley's Motion to Dismiss within twenty days of entry of the Order. The Court gave Plaintiff fourteen days to respond to Defendants' requests for fees and costs. Both Defendants filed motions for

attorneys' fees on July 20, 2010. Plaintiff asserts that he thought he had until August 6, 2010 to respond, pursuant to Rule 6(d) of the Federal Rules of Civil Procedure.

Rule 6(d) of the Federal Rules of Civil Procedure provides "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." The Eastern District of Virginia's Local Civil Rules provide that a party opposing a motion has eleven days after service of the motion to file a responsive brief and supporting documents. Local Civ. R. 7(F)(1). Thus, a party opposing a motion filed in this Court has fourteen days to file a responsive brief.

Both Defendants served Plaintiff via mail. Because Rule 5(b)(2)(C) provides for service via mail, Plaintiff had the eleven days provided by the Local Civil Rules and the three additional days provided in by the Federal Rules of Civil Procedure to respond to Defendants' Motions for attorneys' fees. As such, Plaintiff's opposition was due fourteen days after the Motions were filed, on or before August 3, 2010.

Plaintiff misunderstood the Court's June 30, 2010 Order directing him to respond to Defendants' Motions within fourteen days after receiving them. The fourteen day period set forth in the Order included the eleven days provided for in the Local Civil Rules and three additional days provided for in the Federal Rules of Civil Procedure. Thus, the three additional days referred to in Rule 6(d) were accounted for in the time Plaintiff had to respond to the Motions and Plaintiff's August 6, 2010 Memorandum in Opposition to EVB's Motion for Attorney's Fees was untimely.

Plaintiff's Motion requests that the Court extend the time for filing the Opposition to August 6, 2010, pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. This Rule provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Plaintiff claims excusable neglect because he called the Court to explain that he would need an extension due to illness and filed his Motion to Extend Time on August 3, 2010. Plaintiff also offers that he was out of the office and not feeling well for the rest of the week. Finally, Plaintiff asserts that there would be no resulting prejudice to Defendants if the Court deemed his Opposition timely.

The Court finds no excusable neglect. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect. . . ." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993). Excusable neglect "is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996). Whether neglect is excusable is an equitable determination that requires the Court to consider "'all relevant circumstances surrounding the party's omission,' including 'the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" Bredell v. Kempthorne, 290 Fed. Appx. 564, 565 (4th Cir. 2008) (quoting Pioneer Inv. Servs. Co., 507 U.S. at 395). The reason for the delay is the most important factor. Colony Apartments v. Abacus Project Mgmt., 197 Fed. Appx. 217, 223 (4th

Cir. 2006). "Merely establishing these elements does not entitle a party to relief," however, as the decision "'whether to grant an enlargement of time still remains committed to the discretion of the district court.'" Id. (quoting Thompson, 76 F.3d at 532 n.2).

While the length of the delay caused by Plaintiff's untimeliness is negligible and not likely to be prejudicial against EVB, the other factors that the Court must consider in determining whether there was excusable neglect weigh heavily against such a finding. The Court's August 5, 2010 Order denied the extension of time because Plaintiff did not submit to the Court any verified complaints of medical issues and did not present evidence sufficient to justify an extension of time. Plaintiff's instant Motion simply reiterates the same excuses and attempts to justify his tardiness. This is insufficient. Because the Court finds no excusable neglect, Plaintiff's Motion for Extension of Time to File Response Pursuant [*sic*] Failure to Act Because of Excusable Neglect Pursuant to Rule 6(b)(1)(B) is denied.

      c. <u>Plaintiff's Motion to Alter Court's August 5, 2010 Judgment Pursuant to FRCP 59(e)</u>

In the event the Court does not grant Plaintiff's Motion for Extension of Time to File Response Pursuant [*sic*] Failure to Act Because of Excusable Neglect Pursuant to Rule 6(b)(1)(B), Plaintiff requests that the Court alter the August 5, 2010 Order and grant the August 3, 2010 Motion to Extend Time, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiff offers no support for his Motion other than what he stated with respect to the Motion for Extension of Time to File Response Pursuant [*sic*] Failure to Act Because of Excusable Neglect Pursuant to Rule 6(b)(1)(B).

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A judgment is "a decree [or] any order from which an appeal lies." Fed. R. Civ. P. 54(a). The Fourth Circuit has held that there are only three grounds for altering or amending a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Plaintiff's Rule 59(e) Motion is not appropriate under these circumstances. Plaintiff has not shown any of the three grounds that must be shown before the Court may amend or alter a judgment. Plaintiff could arguably assert that the Court should amend the August 5, 2010 Order to prevent manifest injustice, as it is clear that he believes it is unfair to disallow his Opposition, as he was ill and unable to file. This is insufficient. Furthermore, relevant case law holds that a Rule 59(e) motion is appropriate when a party wants to have a final judgment on the merits reconsidered. See White v. N.H. Dep't of Emp't Sec., 455 U.S. 445, 451 (1982) (Rule 59(e) motions are used only to "support reconsideration of matters properly encompassed in a decision on merits."). The Order aggrieving Plaintiff is not a decision on the merits. Thus, the Rule 59(e) Motion is not the proper avenue for redressing Plaintiff's grievance and the Court denies Plaintiff's Motion.

III. CONCLUSION

Because the Motion to which Plaintiff's Motion to Seal pertains was denied; the Court finds no excusable neglect to justify deeming Plaintiff's untimely Opposition to EVB's

Motion for Attorney's Fees timely; and his Rule 59(e) Motion is not appropriate under these circumstances, Plaintiff's Motions are all HEREBY DENIED.

Let the Clerk send a copy of this Memorandum Opinion to the *pro se* Plaintiff and all counsel of record.

An appropriate Order shall issue.

> _____/s/_____
> James R. Spencer
> Chief United States District Judge

ENTERED this   12th   day of November 2010