UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ROBERT C. SMITH, | |
| Plaintiff, | |
| v. | Action No. 3:09-CV-554 |
| EVB and ARCHIE C. BERKELEY, JR., | |
| Defendants. | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant EVB's Motion for an Award of

Attorneys' Fees (Doc. No. 47) and Defendant Archie C. Berkeley's Motion for an Award of

Attorney's Fees and Costs Against Plaintiff (Doc. No. 50). For the reasons stated below, the

Court GRANTS both Defendants' Motions.

## I.   BACKGROUND

### a.   Facts

On or about June 30, 2004, Smith obtained a line of credit loan ("2004 Loan") from

the Bank of Goochland ("Bank"). The 2004 Loan had an initial principal balance of

$210,000.00 and an initial maturity date of June 30, 2005. Smith executed a Commercial

Guaranty for the 2004 Loan when he signed for it. The 2004 Loan was renewed on or about

July 25, 2005, February 1, 2006, and September 12, 2006. For each of these renewals, Smith

1

signed contemporaneous Disbursement Request Authorizations ("DRA's") which expressly

stated that the 2004 Loan was primarily for business purposes.

On or about September 19, 2006, Smith took out a loan with the Bank for $250,000

("2006 Loan"). The 2006 Loan DRA stated that it was primarily for personal, family, or

household purposes, but on or about September 26, 2006, Smith used approximately

$200,000, or 80 percent, of the 2006 Loan to pay off the balance on the 2004 Loan.

b.   Procedural Posture

Smith is a lawyer proceeding *pro se*. He filed a Complaint against Defendants on

September 4, 2009, asserting claims under the Fair Debt Collection Practices Act ("FDCPA").

Defendants filed a Joint Motion to Dismiss on December 23, 2009. Smith subsequently filed a

Motion for Leave to File Amended Complaint. The Court converted the Motion to Dismiss

into a Motion for Summary Judgment and granted summary judgment in favor of Berkeley.

The Court held that Smith could amend the Complaint against EVB as a matter of right,

however, because EVB had not filed an answer. EVB filed its Answer on March 30, 2010,

along with a Renewed Motion to Dismiss, or in the Alternative, for Summary Judgment. The

Court granted EVB's Renewed Motion for Summary Judgment and denied Smith's

subsequent Motion to Alter the Court's Judgment Granting Defendant Berkeley's Motion to

Dismiss ("Motion to Alter"), Motion to Strike Defendant EVB's Amended Answer and

Affirmative Defenses to Plaintiff's Amended Complaint ("Motion to Strike Amended

Answer"), and Motion to Strike Defendant EVB's Reply Memorandum in Support of Its

2

Renewed Motion to Dismiss, or in the Alternative, for Summary Judgment ("Motion to Strike Reply") on June 30, 2010. The Court also directed Defendants to file motions for costs and fees at that time.

## II.  LEGAL STANDARD

The FDCPA provides "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). Whether a lawsuit is brought for improper purposes "must be ascertained from the lack of a factual or legal basis for the lawsuit. . . . Repeated filings, the outrageous nature of the claims made, or a signer's experience in a particular area of law, under which baseless claims have been made, are all appropriate indicators of an improper purpose." Guidry v. Clare, 442 F. Supp. 2d 282, 289 (E.D. Va. 2006).

Courts must calculate a "lodestar" amount to determine if attorneys' fees are reasonable. Grissom v. Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008). The lodestar amount is "the product of reasonable hours times a reasonable rate." Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986). The lodestar amount is presumptively reasonable, but may be adjusted based on the circumstances of the case. Id. The Supreme Court cautions, however, that upward adjustments "are proper only in certain rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the . . . courts." Id. (internal citation and quotation marks omitted).

3

The Eastern District of Virginia requires parties requesting attorneys' fees to submit proper documentation of the number of hours each attorney spent on the case. See EEOC v. Nutri/System, Inc., 685 F. Supp. 568, 573 (E.D. Va. 1988) ("[p]roper documentation is the key to ascertaining the number of hours reasonably spent on legal tasks. Fee claimants must submit documentation that reflects reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity."). A court can reduce or deny the requested award if the requesting party does not submit the proper documentation. Id.

III.    DISCUSSION

    a.    Defendant EVB's Motion for an Award of Attorneys' Fees

EVB seeks attorneys' fees in the amount of $23,658.50. EVB asserts that Smith continued to pursue frivolous claim against EVB after the Court held that an Amended Complaint could not survive summary judgment, thereby increasing EVB's litigation costs. EVB points to Smith's opposition to EVB's Renewed Motion for Summary Judgment, Smith's Motion to Strike Amended Answer, and various other filings as proof that Smith needlessly increased the costs of litigating this matter.

This Court held in March 2010 that Smith's claim presented no genuine issue of material fact because the 2006 Loan was not a debt under the FDCPA. Smith v. EVB, No. 3:09-CV-554, 2010 U.S. Dist. LEXIS 27259, at *10-11 (E.D. Va. Mar. 23, 2010). The Court also held that an Amended Complaint would be "insufficient to withstand summary judgment." Id. at *15-16. EVB argues that any reasonable attorney in Smith's circumstances would have

4

ceased pursuing the claim after these rulings, but that Smith persisted nonetheless.  Thus, the decision to continue pursing a meritless claim can only be attributed to bad faith and an attempt to harass EVB.

EVB submitted documentation detailing the tasks each attorney performed for this case and an Affidavit from S. Miles Dumville, the lead attorney representing EVB. Dumville's Affidavit states that his hourly rate is $475 and the rates for the three associates on the case are $375 per hour, $280 per hour, and $235 per hour. The paralegals' rates are $200 per hour. Dumville believes the hourly rates are reasonable given each person's experience and asserts that the time he, the associates, and paralegals spent on the case was reasonable under the circumstances and necessary to defend EVB against Smith's frivolous allegations. EVB also submitted a Declaration from Dale Pittman, an attorney who has litigated several cases involving requests for attorneys' fees under the FDCPA. Pittman's Declaration states that the average hourly rate for federal litigation attorneys practicing in the Eastern District of Virginia's Richmond Division ranges from $300 per hour to at least $600 per hour.

The Court finds that EVB is entitled to attorneys' fees but that the amount requested is unreasonable. Accordingly, the Court has reduced the fees to the following amounts: $300 per hour for S. Miles Dumville, for a total of $9,840 for 32.8 hours of work; $225 per hour each for associates Travis A. Sabalewski, Stacy L. Haney, and Alison Wickizer Toepp for a combined total of $6,232.50 for 27.7 hours of work; and $100 per hour each for paralegals Donna Lynch and Sheryl Harris, for a combined total of $480 for 4.8 hours of work. Pursuant

to these rates, the Court reduces EVB's total award from $23,658.50 to $16,552.50.

    b. <u>Defendant Archie C. Berkeley's Motion for an Award of Attorney's Fees and Costs Against Plaintiff</u>

Berkeley seeks an award of fees and costs in the amount of $5,683.40 for expenditures incurred in defending Smith's Motion to Alter. Berkeley asserts he is entitled to fees and costs because Smith's Motion to Alter was brought in bad faith and to harass. Berkeley argues that Smith's allegations in the Motion were without factual or legal support, repetitious, and baseless, which indicates Smith had an improper purpose in filing the Motion.

Berkeley asserts that the fees and costs incurred in defending Smith's Motion to Alter are reasonable under the circumstances, as the rates charged by counsel in this case are less than those charged to other non-insurance defense clients. Michele Mulligan, the lead attorney representing Berkeley in this matter, has submitted an Affidavit in Support of Attorneys' Fees and Costs. In her Affidavit, Mulligan states that her firm is a small to mid-sized Richmond law firm and that her standard, non-insurance defense rate is $225 per hour. Her hourly rate in the instant matter, however, is $185 per hour. Another attorney whose standard, non-insurance defense rate is $200 per hour also worked on the case and charged $155 per hour in this matter. Mulligan states that all fees incurred through June 23, 2010 were reasonable and necessary to defend Berkeley against Smith's Motion to Alter and that the amounts billed accurately represent the time the attorneys spent on the case.

The Court finds that Berkeley's counsel's rates are reasonable under the

circumstances. Accordingly, the Court will award Berkeley's counsel a total of $5,683.40.

This amount consists of $2,793.50 for Michele Mulligan for 15.1 hours of work; $2,588.50 for

Katrina Forrest for 16.7 hours of work; and $301.40 for research.

IV.   **CONCLUSION**

Because Defendants have shown that they are entitled to attorneys' fees and costs

pursuant to the FDCPA, the Court GRANTS both Defendants' Motions and awards

Defendants fees and costs in the amounts stated herein.

Let the Clerk send a copy of this Memorandum Opinion to the *pro se* Plaintiff and all

counsel of record.

An appropriate Order shall issue.

```
                    _____/s/_____
                    James R. Spencer
                    Chief United States District Judge
```

ENTERED this   22nd   day of December 2010