UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ROBERT C. SMITH,

                        Plaintiff,

    v.                                       Action No. 3:09-CV-554

EVB,

                        Defendant.

**MEMORANDUM OPINION**

THIS MATTER is before the Court on the Motion to Quash [Defendant's] Subpoena to Testify and Production of Documents Served on Richard J. Knapp and Associates ("Motion to Quash") filed by Plaintiff Robert C. Smith (Doc. No. 78) and the Motion to Compel filed by Defendant EVB (Doc. No. 79). For the reasons stated below, Plaintiff's Motion to Quash is DENIED and Defendant's Motion to Compel is GRANTED.

I. **BACKGROUND**

Plaintiff Robert C. Smith ("Smith"), a lawyer proceeding *pro se*, filed a Complaint against Defendants EVB and Archie C. Berkeley, Jr. ("Berkeley"), on September 4, 2009, asserting claims under the Fair Debt Collection Practices Act ("FDCPA"). Defendants filed a Joint Motion to Dismiss on December 23, 2009. Smith subsequently filed a Motion for Leave to File Amended Complaint. The Court converted the Motion to Dismiss into a Motion for Summary Judgment and granted summary judgment in favor of Berkeley. The Court held Smith could amend his Complaint against EVB, however, because EVB had not yet answered the Complaint. EVB filed its Answer March 30, 2010, along with a Renewed

1

Motion to Dismiss and Motion for Summary Judgment. The Court granted EVB's Renewed Motion for Summary Judgment and directed Defendants to file their costs and fees.

Smith appealed the rulings, but failed to post an appeal bond. Because no bond was posted to stay execution of the judgment, EVB commenced garnishment proceedings. EVB sought to garnish funds believed to be held by Richard J. Knapp ("Knapp") or the law firm Richard J. Knapp & Associates, P.C. ("Knapp Firm"), with whom EVB believes Smith is or was associated. In response to the garnishment summons, Knapp filed a letter stating "the judgment debtor was not employed by the garnishee during the period from the service of the summons until the return date, nor does this firm hold any wages, salary, or other compensation of the judgment debtor." Letter Answer to Garnishment Summons from Richard J. Knapp & Associates, P.C., Mar. 21, 2011, ECF No. 77.

Because the statements in Knapp's letter appeared inconsistent with other representations made by Smith and Knapp, EVB sought to depose Knapp and the Knapp Firm. EVB also sought the production of documents that would clarify the relationship between Knapp, the Knapp Firm, and Smith. Counsel for EVB deposed Knapp in his individual capacity and in his capacity as firm representative April 13, 2011. Smith did not attend the deposition and Knapp was not represented by counsel. Knapp objected to certain questions based on relevance and refused to answer. As of April 25, 2011, neither the Knapp Firm nor Smith had submitted documents in response to EVB's subpoena.

II. **DISCUSSION**

    a. Plaintiff's Motion to Quash

Smith moves the Court to quash the subpoenas to testify and produce documents EVB served on Knapp and the Knapp Firm. Smith states Knapp answered the garnishment

summons and reported to the Clerk of this Court that he did not hold any wages, salary, or other compensation for Smith. The Motion also states Smith was never Knapp's employee.

Smith contends EVB violated Rule 45(c)(1) of the Federal Rules of Civil Procedure by imposing undue burden and expenses on Knapp after Knapp represented he does not hold any wages, salary, or other compensation for Smith. Smith further contends EVB's subpoena for documents is overly broad and burdensome, as it requests virtually all of Knapp's billing records since January 1, 2007. Moreover, he argues, the subpoena requests privileged material wholly irrelevant to any claim EVB has against Smith and is merely an attempt to harass Knapp.

Knapp submitted an Affidavit in which he states: (1) Smith has never been an employee of the Knapp Firm; (2) the Knapp Firm is not holding any wages, salary or other compensation or monies due and owing to Smith; and (3) the Knapp Firm does not expect to hold any money for Smith in the future. The Affidavit also states EVB's request for the production of documents is overly burdensome and Knapp will need a significant amount of time to produce the documents. Knapp believes requiring him to produce documents serves no purpose other than to harass him.

EVB contends Knapp's letter does not resolve the issue of whether Knapp or the Knapp Firm has pending receivables subject to garnishment. EVB believes Knapp stating Smith is not an employee of the Knapp Firm and the firm does not hold funds for Smith does not justify quashing the subpoenas, as Smith and Knapp have made statements indicating an ongoing pecuniary relationship between Smith and the Knapp Firm. Smith's filings in this Court, for example, indicate a pecuniary relationship between Smith and the Knapp Firm. See Complaint 19, Sept. 4, 2009, ECF No. 1-18 ("Richard Knapp and Associates,

P.C.," appears in signature block after Smith's signature); Amended Complaint 22, Dec. 30, 2009, ECF No. 8-1 (identifying Smith's email address as "rob@knappesq.com"). EVB believes these representations and others indicate Smith is part of the Knapp Firm. Consequently, it is reasonable to infer money is exchanged between Smith and firm.

EVB next contends Smith's testimony under oath during proceedings before the United States Bankruptcy Court for the Eastern District of Virginia indicates a pecuniary relationship between Smith and the Knapp Firm. Smith testified that he derives revenue from his work with the Knapp Firm. He further testified that he worked for the Knapp Firm and his work was tracked by the Knapp Firm's computer system. Knapp's deposition testimony also indicates an ongoing relationship between Smith and the Knapp Firm. Knapp testified that the Knapp Firm had a profit sharing arrangement with Smith and Robert C. Smith, P.C., whereby the Knapp Firm would receive at least one-third of the fees generated by Smith's work. Knapp further testified that the Knapp Firm bills clients for Smith's work. Thus, both Smith and the Knapp Firm have derived revenue from Smith's work for the Knapp Firm. EVB seeks documents showing the Knapp Firm has and will continue to receive revenue from Smith's work that is subject to garnishment.

EVB next argues the documents requested can be produced without imposing an undue burden on the Knapp Firm and the subpoenas do not seek information truly covered by the attorney-client privilege. Knapp testified that the Knapp Firm maintains "agetron" and QuickBooks records of bills and invoices. Smith testified he used the Knapp Firm's computer system to track the time he spent working. Thus, EVB believes Knapp should be able to easily obtain the documents requested. EVB states the Knapp Firm can redact any privileged information from the documents requested.

A party issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). A court must quash a subpoena if it requires disclosure of privileged information or subjects the deponent to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv).

The relationship between Smith, the Knapp Firm, and Knapp remains unclear. Knapp testified that his relationship with Smith was based on an oral office-sharing arrangement that entitled the Knapp Firm to a portion of Smith's fees. Smith initially stated he "worked for" the Knapp Firm, but later represented he has never been an employee of Knapp's. See Def. Ex. 4, p. 9; Motion to Quash 2, Apr. 8, 2011, ECF No. 78. Thus, more information is required to discern the true nature of the relationship between Smith, Knapp, and the Knapp Firm.

The subpoena for documents requests documents pertaining to: (1) any agreements between Smith, Knapp, and the Knapp firm, including office-share agreements; (2) the work performed by Smith, including time sheets, billing records, and invoices; (3) any consideration between the Knapp Firm and Smith; (4) the Knapp Firm's receivables since January 1, 2007, in which Smith might have an interest; and (5) payments owed or paid Smith by the Knapp Firm since January 1, 2007. EVB also seeks documents identifying everyone who has been a member, manager, associate, or employee of the Knapp Firm since January 1, 2007, and any insurance policies that might provide coverage for Smith's acts and omissions. Smith and Knapp both testified that no written agreements exist between them. Thus, there are no documents to produce in response to a number of the requests in the subpoena for documents. With respect to other documents sought, many of them are electronic and presumably readily accessible. Importantly, EVB does not request

confidential or privileged information, as EVB concedes any documents produced may be appropriately redacted to remove sensitive information. Overall, then, it appears to this Court that EVB's subpoenas will not unduly burden Knapp or the Knapp Firm and will not require disclosure of privileged information. Accordingly, the Motion to Quash is denied.

b. <u>Defendant's Motion to Compel</u>

EVB moves the Court to compel Knapp and the Knapp Firm to provide responses to questions posed by EVB's counsel during Knapp's deposition. EVB questioned Knapp about the Knapp Firm's malpractice insurance policy in an effort to discern the true nature of the relationship between Smith, Knapp, and the Knapp Firm. Knapp objected to the line of questioning based on relevance and refused to answer. EVB maintains the testimony sought relates directly to the relationship between Smith and the Knapp Firm and the insurance policy may provide a source of satisfaction of EVB's judgment.

EVB argues Knapp's refusal to provide a response based on the relevance objection is inappropriate under the Federal Rules of Civil Procedure. Rule 30(c)(2) requires testimony after an objection is noted, except in certain circumstances not present in this matter. Knapp did not assert his refusal to answer was necessary to preserve a privilege. Nor has this Court entered a limiting order that would allow Knapp to stand on his objection and refuse to answer. Thus, EVB believes the Court should require Knapp to provide complete responses to counsel's questions and provide documents showing if and to what extent the Knapp Firm's insurance policy may provide a source of satisfaction of EVB's judgment.

Because the Knapp Firm's insurance policy could potentially provide a source of satisfaction of EVB's judgment against Smith, it is reasonable that EVB would want to

review the policy. Rule 30(c)(2) of the Federal Rules of Civil Procedure requires that a deposition examination continue after an objection is noted on the record. A person can only instruct a deponent not to answer if necessary to preserve a privilege, enforce a limitation ordered by the court, or present a motion to terminate or limit the deposition. Fed. R. Civ. P. 30(c)(2). A motion to compel is appropriate if "[a] deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B)(i). A motion to compel "[m]ust include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed R. Civ. P. 37(a)(1).

Because Knapp improperly refused to answer deposition questions after noting his objections and EVB properly certified that it made a good faith effort to confer with Knapp about his failure to answer questions and produce documents, a motion to compel is proper. Accordingly, the Motion to Compel is granted.

### III. **CONCLUSION**

Because EVB's subpoenas do not unduly burden Knapp or the Knapp Firm and do not require the disclosure of privileged information, the Motion to Quash is DENIED. Because Knapp improperly refused to answer questions pertaining to the Knapp Firm's insurance policy during his deposition, the Motion to Compel is GRANTED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __26th__ day of May 2011